768 A.2d 779

SOMERVILLE BOARD OF EDUCATION, PLAINTIFF–
RESPONDENT, v. MANVILLE BOARD OF EDU-
CATION, DEFENDANT–APPELLANT.

Argued March 12, 2001—Decided April 10, 2001.

56

*David B. Rubin,* argued the cause for appellant.

*Allan P. Dzwilewski,* argued the cause for respondent (*Schwartz Simon Edelstein Celso & Kessler,* attorneys; *Nathanya G. Simon,* of counsel; *Mr. Dzwilewski* and *Lisa M. Michura,* on the brief).

*Michelle Lyn Miller,* Deputy Attorney General, submitted a letter in lieu of brief on behalf of *amicus curiae,* New Jersey Department of Education (*John J. Farmer, Jr.,* Attorney General of New Jersey, attorney).

PER CURIAM.

We affirm the judgment of the Appellate Division substantially for the reasons set forth in Judge Wecker's thoughtful and comprehensive opinion. *Somerville Bd. of Educ. v. Manville Bd. of Educ.,* 332 *N.J.Super.* 6, 752 *A.*2d 793 (2000). We add only these brief comments.

The Appellate Division determined that the Somerville and Manville school districts should continue to share equally the special education costs of A.P., a minor child whose divorced parents share joint legal and physical custody and with whom the child lives during alternating weeks. A.P.'s mother lives in Manville since the divorce and her father continues to live in Somerville. At oral argument counsel raised or addressed collateral issues including receipt of state aid, authority to modify the child's Individualized Education Program (IEP), and the prospect that

the New Jersey Department of Education may adopt regulations to address the issue raised by this appeal.

A careful examination of the record reveals that during the period from 1993 to 1997 in which the two districts voluntarily agreed to share the costs of A.P.'s education, the districts also agreed to share state and federal categorical aid. Their methodology was that the districts alternated each school year in paying for A.P.'s educational expense, and the district that paid the tuition in a given year would count A.P. for purposes of state and federal aid. Because A.P.'s placement was at a school in North Branch, the districts also shared the responsibility for providing her transportation to and from school on an alternating weekly basis. In view of the Appellate Division's remand to the Law Division to resolve "future cost-sharing" issues that may arise between the districts, *id.* at 17, 752 *A.2d* 793, we anticipate no significant problems in fairly resolving questions of cost allocation.

■ The Appellate Division specifically addressed the issue of cooperation between the districts concerning possible future modifications of the child's IEP:

> Somerville and Manville apparently had no problem agreeing on the proper placement for the child when they first agreed to share the costs. While they may disagree about the child's IEP in the future, we assume that professionals in each district will continue to assess the child's needs in good faith and in the child's best interest.
>
> That assumption is grounded in the controlling law. By definition the IDEA [Individuals With Disabilities Education Act] requires the team that develops and reviews the child's educational plan to be "individualized" and to include the child's parents, at least one of the child's teachers, a representative of the local school district, and at the discretion of a parent or school district, "other individuals who have knowledge or special expertise regarding the child ...." 20 *U.S.C.* § 1414(d)(1)(B). Participation by representatives of both districts would not be inconsistent with the IDEA, or with the New Jersey Administrative Code provision for an IEP team to develop and periodically review each disabled child's IEP. *N.J.A.C.* 6A:14–3.7[.] We see no impediment to cooperation between the districts in developing and/or reviewing this child's IEP, with appropriate concern for consistency and continuity in the education plan.

[*Id.* at 16, 752 *A.*2d 793. (footnote omitted).]

We are fully in accord with the Appellate Division's observations.

■ Finally, the Appellate Division acknowledged, *id.* at 17, 752 *A.*2d 793, as do we, that the issue posed by this appeal is one that appropriately may be addressed by regulation. The Department of Education participated in this matter as *amicus curiae* before the Appellate Division, and provided that court with a draft regulation addressing issues of domicile and residency that had not as yet been published or the subject of public comment. We anticipate that any regulation adopted in the future by the Department of Education addressing the issue before us would supersede our disposition of this appeal.

Affirmed.

COLEMAN, J., concurring.

I join in the Court's determination that, under the facts of this case, it is fair to require Somerville and Manville to abide by their mutual agreement to share equally in the educational expenses for A.P. I write separately to emphasize that the Appellate Division's decision should not be viewed as overturning the unitary concept of domicile. Rather, the court recognized that A.P. has alternating domiciles and therefore that the two school districts involved should share the costs as they had agreed. Nothing in the opinions of the Appellate Division or this Court should be viewed as precluding the Department of Education from promulgating regulations that are consistent with the theory that a school-aged child can have only one domicile. Those regulations, however, would presumably be prospective. To fill the gap pending the effective date of those regulations, when joint legal and physical custody is awarded, either the written agreement between the parents, or the order or judgment of the trial court should specify the domicile of the child. The polestar of the Court's opinion and the proposed regulations is educational continuity for A.P.

Justice LaVACCHIA joins in this opinion.

*For affirmance*—Chief Justice PORITZ and Justices STEIN, COLEMAN, LONG, VERNIERO, LaVECCHIA and ZAZZALI—7.

*Opposed*—none.